UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.

RONALD L. DREWERY,

        Defendant.

Civil Action No. _____

## COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

The plaintiff Securities and Exchange Commission ("Commission") files this Complaint and alleges as follows:

1. This matter involves insider trading in the common stock of Mercer Insurance Group, Inc. ("Mercer") by Defendant Ronald L. Drewery ("Defendant Drewery"). Drewery obtained material, non-public information about Mercer's acquisition from a board member of Mercer (the "Board Member"), who was a longtime personal friend of Defendant Drewery.

2. Defendant Drewery misappropriated the inside information obtained from the Board Member, by purchasing 3,500 shares of Mercer between October 13, 2010 and November 19, 2010, shortly before the public announcement

1

on November 30, 2010 that Mercer was to be acquired by United Fire & Casualty Company ("United Fire").

3. On December 1, 2010, the trading day immediately following the public announcement of the merger, shares of Mercer Insurance closed at $27.89, an increase of $9.03 over the prior day's close and representing a 48% increase in price. Volume on December 1, 2010 was 710,900 shares, compared to the average daily trading volume in November 2010 of 18,426 shares.

4. Defendant Drewery sold the 3,500 shares of Mercer he purchased in January and March 2011, thereby obtaining $35,730 in ill-gotten, insider trading profits.

5. Defendant Drewery has engaged in, and unless restrained and enjoined by this Court, will continue to engage in acts and practices which constitute or will constitute violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5].

6. The Commission brings this action pursuant to Sections 21(d) and 21(e) of the Exchange Act [15 U.S.C. §§ 78u(d) and 78u(e)] to enjoin Defendant Drewery from engaging in transactions, acts, practices and courses of business alleged in this Complaint, and transactions, acts, practices, and courses of business of similar purport and object, for disgorgement of illegally obtained funds and

prejudgment interest thereon, for civil monetary penalties against Defendant Drewery, and other equitable relief.

## JURISDICTION AND VENUE

7. This Court has jurisdiction of this action pursuant to Sections 21(d), 21(e) and 27 of the Exchange Act [15 U.S.C. §§ 78u(d), 78u(e) and 78aa].

8. Defendant Drewery, directly and indirectly, has made use of the mails and the means and instrumentalities of interstate commerce in connection with the transactions, practices and courses of business alleged in this Complaint.

9. Venue lies in this Court pursuant to Section 27 of the Exchange Act [15 U.S.C. § 78aa] because certain of the actions set forth herein occurred within the Eastern District of North Carolina and residents of the Eastern District of North Carolina purchased shares of Mercer during the period in which Defendant Drewery made his illicit purchases.

## DEFENDANT AND OTHER ENTITIES

10. <u>Defendant Ronald L. Drewery</u> is a resident of Venice, Florida.

11. <u>Mercer Insurance Group, Inc.</u>, formerly (formerly NASDAQ: MIGP), was a publicly-traded corporation headquartered in Pennington, New Jersey that offered for sale property and casualty insurance.

12. <u>United Fire & Casualty Company</u> (NASDAQ: UFCS) is a property and casualty carrier headquartered in Cedar Rapids, Iowa. On November 30, 2010, it

reached an agreement to acquire Mercer by purchasing in cash Mercer's shares at $28.25 per share, and, following the close of the trading markets on November 30, 2010, jointly announced publicly with Mercer their respective boards' unanimous approval of the merger and acquisition agreement.

## DEFENDANT DREWERY'S RELATIONSHIP WITH THE BOARD MEMBER

13. Defendant Drewery and the Board Member had been close, personal friends for approximately 35 years, with the Board Member describing Defendant Drewery as his "best friend." Defendant Drewery and the Board Member had both previously resided in or around Lock Haven, Pennsylvania and had initially met when the Board Member needed accounting services for his business operations, which Defendant Drewery provided.

14. Prior to the current matter, Defendant Drewery and the Board Member saw each other frequently for personal reasons and spoke by telephone often. Over the long history of their friendship, Defendant Drewery and the Board Member frequently discussed confidential information of both a personal and professional nature, each sharing a reasonable expectation that the other would respect the confidential nature of such information.

## UNITED FIRE'S ACQUISITION OF MERCER

15. Beginning in June 2010, and continuing up until the public announcement on November 30, 2010, United Fire and Mercer conducted negotiations regarding Mercer merging into and being acquired by United Fire.

16. The merger negotiations between United Fire and Mercer included multiple letters of interest and preliminary proposals, to which the Board Member had access and contemporaneously reviewed.

17. The merger negotiations also included multiple special meetings of the board of directors of Mercer, for which the Board Member was present, during which the potential merger with United Fire was discussed.

18. On October 15, 2010, United Fire submitted a preliminary proposal to Mercer to purchase Mercer for cash in a range of $25.50 to $27.50 per share, subject to certain other terms and due diligence; and the parties entered a confidentiality agreement on October 20, 2010.

19. On November 15, 2010, United Fire submitted a formal acquisition proposal whereby United Fire would purchase Mercer in cash for $27.50 per share.

20. At the November 17, 2010 Mercer board meeting, which the Board Member attended, Mercer's board considered United Fire's offer, and instructed Mercer's chief executive officer to request that United Fire increase its bid while the board of directors for Mercer recessed their meeting.

21. Following a discussion between Mercer's chief executive officer and United Fire while the Mercer board was in recess, United Fire indicated to Mercer that it would agree to an offer price of $28.25 per share, subject to certain conditions including a short exclusivity period.

22. On November 30, 2010, following further negotiation and due diligence, the boards of directors of United Fire and Mercer each unanimously approved the merger and acquisition agreement pursuant to which United Fire would acquire Mercer shares at a purchase price of $28.25 per share.

23. The merger and acquisition agreement was executed after the close of the trading markets on November 30, 2010, and a joint press release was issued by the parties on November 30, 2010 following the agreement's execution.

### DEFENDANT DREWERY MISAPPROPRIATES
### NEWS OF THE MERGER FROM THE BOARD MEMBER

24. In or around late September or early October 2010, prior to the public announcement of the merger, during a telephone conversation between the Board Member and Defendant Drewery, the Board Member shared with Defendant Drewery news of the upcoming merger between Mercer and United Fire.

25. Based upon the Board Member's longstanding friendship with Defendant Drewery and their history, pattern and practice of sharing confidences, Defendant Drewery knew or reasonably should have known that the Board Member in communicating the material nonpublic information concerning the

upcoming merger between Mercer and United Fire expected that Defendant Drewery would maintain the confidentiality of the information.

26. In disregard of the duty of trust and confidence owed to the Board Member, and on the basis of the material nonpublic information concerning the upcoming merger between Mercer and United Fire, Defendant Drewery, between October 13, 20193 and November 19, 2012, purchased 3,500 shares of Mercer in accounts he controlled at a weighted average cost of $17.95 per share.

27. At the close of trading on November 30, 2010, Mercer's share price was $18.86.

28. Following the after-business hours announcement on November 30, 2010 of United Fire's intended acquisition of Mercer at a price of $28.25 per share, Mercer's share price on December 1, 2010 moved sharply upward closing at $27.89 per share, or approximately 48% over Mercer's November 30, 2010 closing share price.

29. In January and March 2011, Defendant Drewery sold the 3,500 shares he had purchased in accounts he controlled at prices between $28.05 and $28.25 per share, realizing illicit profits of $35,730.

## COUNT I
## FRAUD
### Violations of Section 10(b) of the Exchange Act [15. U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. 240.10b-5]

30. Paragraphs 1 through 29 are hereby realleged and are incorporated herein by reference.

31. In connection with the purchase and sale of securities described herein, Defendant Drewery, by the use of the means and instrumentalities of interstate commerce and by use of the mails, directly and indirectly:

   a) employed devices, schemes, and artifices to defraud;

   b) made untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and

   c) engaged in acts, practices, and courses of business which would and did operate as a fraud and deceit upon the purchasers of such securities, all as more particularly described above.

32. Defendant Drewery knowingly, intentionally, and/or recklessly engaged in the aforementioned devices, schemes and artifices to defraud, and engaged in fraudulent acts, practices and courses of business. In engaging in such conduct, Defendant Drewery acted with scienter, that is, with an intent to deceive, manipulate or defraud or with a severely reckless disregard for the truth.

33. By reason of the foregoing, Defendant Drewery, directly and indirectly, has violated and, unless enjoined, will continue to violate Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. 240.10b-5].

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission, respectfully prays that the Court:

I.

Make findings of fact and conclusions of law in accordance with Rule 52 of the Federal Rules of Civil Procedure.

II.

Issue a permanent injunction enjoining Defendant Drewery and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, and each of them from violating Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. 240.10b-5].

III.

Issue an Order requiring Defendant Drewery to disgorge all ill-gotten gains arising from Defendant Drewery's trading in the securities of Mercer, as alleged in the Commission's Complaint, plus pay prejudgment interest thereon.

IV.

Issue an Order requiring Defendant Drewery, pursuant to Sections 21(d)(3) and 21A of the Exchange Act [15 U.S.C. §§ 78u(d)(3) and 78u-1], to pay a civil monetary penalty.

V.

Grant such other and further relief as may be necessary and appropriate.

RESPECTFULLY SUBMITTED,

/s/ Paul Kim
Paul Kim
Senior Trial Counsel
Georgia Bar No. 418841
kimpau@sec.gov

M. Graham Loomis
Regional Trial Counsel
Georgia Bar No. 457868
loomism@sec.gov

COUNSEL FOR PLAINTIFF
U.S. SECURITIES AND EXCHANGE COMMISSION
Atlanta Regional Office
950 East Paces Ferry Road, N.E.
Suite 900
Atlanta, Georgia 30326-1382
Tel: (404) 842-7600
Fax: (404) 842-7633